1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JARED BOBROW (Bar No. 133712)
jbobrow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

Attorneys for Defendant
ORACLE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AMERANTH, INC.,

        Plaintiff,

   v.

ORACLE CORP.,

        Defendant.

Case No. 3:12-cv-01655-DMS-WVG

**DEFENDANT ORACLE CORP.'S
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR
ATTORNEYS' FEES UNDER 35
U.S.C. § 285**

Judge:    Hon. Dana M. Sabraw
Date:     May 10, 2024
Time:    1:30 p.m.
Ctrm:    13A

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND ......................................................................................... 3

    A.   Years Before Ameranth Sued Oracle, A Jury Found That Ameranth's '850 And '325 Patents Were Invalid And Not Infringed. ..................... 3

    B.   The Federal Circuit Concludes That All Asserted Claims Of The '850, '325, And '733 Patents Are Unpatentable ..................................... 4

    C.   The Federal Circuit Affirms This Court's Grant Of Summary Judgment To Defendants On Multiple Claims Of The '077 Patent. ..... 6

    D.   This Court Grants Summary Judgment To Defendants And Issues An Exceptional Case Finding In *Domino's*, And The Federal Circuit Summarily Affirms Both Rulings. ..................................................... 7

III.  ORACLE IS ENTITLED TO FEES UNDER 35 U.S.C. § 285 .................. 10

    A.   Legal Standard. .................................................................................. 10

    B.   Ameranth's Litigation Position Was Exceptionally Meritless ............. 10

        1.   The '850 and '325 patent claims ................................................. 11

        2.   The '077 patent claims ............................................................... 12

        3.   Ameranth litigated this case in an unreasonable manner .............. 16

    C.   Oracle Seeks Its Reasonable Attorneys' Fees ................................... 21

IV.   CONCLUSION ........................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) .................................................................*passim*

*In re Ameranth Cases*,
  No. 11CV1810 DMS (WVG), 2018 WL 11433300 (S.D. Cal. Sept.
  25, 2018) ................................................................... 2, 6, 17

*In re Ameranth Pat. Litig. Cases*,
  No. 11CV1810 DMS (WVG), 2021 WL 6750642 (S.D. Cal. Dec.
  27, 2021) .......................................................................... 8, 19

*In re Ameranth Pat. Litig. Cases*,
  No. 11CV1810 DMS (WVG), 2022 WL 770118 (S.D. Cal. Mar.
  14, 2022), *aff'd sub nom. Ameranth, Inc. v. Papa John's USA, Inc.*,
  No. 2022-1660, 2023 WL 5921623 (Fed. Cir. Sept. 12, 2023) .................*passim*

*In re: Ameranth Patent Litig. Cases*,
  No. 3:11-cv-01810-DMS-DDL (S.D. Cal.).......................................... 1

*Ameranth, Inc. v. Menusoft Systems Corp.*,
  No. 2:07-cv-00271-RSP (E.D. Tex.)............................................*passim*

*Ameranth, Inc. v. Domino's Pizza, Inc.*,
  No. 3:12-cv-00733-DMS-WVG, 2021 WL 409725 (S.D. Cal. Feb.
  5, 2021) ......................................................................*passim*

*Ameranth, Inc. v. Domino's Pizza, Inc.*,
  No. 3:12-cv-00733-DMS-WVG, 2021 WL 2550057 (S.D. Cal. June
  21, 2021) ...................................................................... 22

*Ameranth, Inc. v. Domino's Pizza, LLC*,
  141 S. Ct. 249 (2020) ........................................................... 7

*Ameranth, Inc. v. Domino's Pizza, LLC*,
  792 F. App'x 780 (Fed. Cir. 2019)...........................................*passim*

*Ameranth, Inc. v. Domino's Pizza, LLC*, No. 22-1200
  (Fed. Cir. Nov. 14, 2023), Dkt. 62 ............................................. 9

*Ameranth, Inc. v. Domino's Pizza, LLC*,
    No. 2022-1200, 2023 WL 5921625 (Fed. Cir. Sept. 12, 2023) ........................... 9

*Ameranth, Inc. v. Oracle Corp.*,
    No. 3:12-cv-01655-DMS-WVG (S.D. Cal.) ......................................................... 1

*Ameranth, Inc. v. Starbucks Corp.*,
    No. 3:13-cv-01072-DMS-WVG (S.D. Cal. Feb. 5, 2024), Dkt 29-1 ................ 16

*Apple, Inc. v. Ameranth, Inc.*,
    842 F.3d 1229 (Fed. Cir. 2016) .................................................................*passim*

*Bilski v. Kappos*,
    561 U.S. 593 (2010) ........................................................................................ 18

*Deep Sky Software, Inc. v. Southwest Airlines Co.*,
    No. 10-cv- 1234-CAB(KSC), 2015 WL 10844231 (S.D. Cal. Aug.
    19, 2015) ......................................................................................................... 22

*Intellectual Ventures I LLC v. Capital One Bank (USA), N.A.*,
    792 F.3d 1363 (Fed. Cir. 2015) ...................................................................... 18

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    876 F.3d 1372 (Fed. Cir. 2017) ...................................................................... 13

*Kilopass Tech., Inc. v. Sidense Corp.*,
    82 F. Supp. 3d 1154 (N.D. Cal. 2015)............................................................. 22

*Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Techn.,
    LLC*, No. 2:18-CV-07661 (GJS), 2019 WL 3064112 (C.D. Cal.
    May 23, 2019)................................................................................................. 14

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
    811 F.3d 479 (Fed. Cir. 2016) ........................................................................ 21

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ....................................................................................2, 10

*Parker v. Flook*,
    437 U.S. 584 (1978) ........................................................................................ 18

*Source Search Tech. LLC v. Lendingtree LLC*,
    588 F.3d 1063 (Fed. Cir. 2009) ...................................................................... 21

*Southwall Techs., Inc. v. Cardinal IG Co.*,
  54 F.3d 1570 (Fed. Cir. 1995) ........................................................................ 21

*Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*,
  411 F. Supp. 3d 1026 (N.D. Cal. 2019) ........................................................ 21

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  745 F.3d 513 (Fed. Cir. 2014) ...................................................................... 22

*Wang Labs, Inc. v. Toshiba Corp.*,
  793 F. Supp. 676 (E.D. Va. 1992) ................................................................ 11

**Statutes**

35 U.S.C. § 101 .......................................................................................... *passim*

35 U.S.C. § 285 .......................................................................................... *passim*

**Other Authorities**

Procedure for the Award of Attorney's Fees, 10 Fed. Prac. & Proc.
  Civ. § 2680 (4th ed.) ...................................................................................... 21

Fed. R. Civ. P. 36 ............................................................................................... 9

Fed. R. Civ. P. 54 .............................................................................................. 21

## I.    **INTRODUCTION**

As the prevailing party, Defendant Oracle Corporation ("Oracle")[1] respectfully requests that the Court order Plaintiff Ameranth, Inc. ("Ameranth") to pay a portion of Oracle's reasonable attorneys' fees under 35 U.S.C. § 285.  This Court already has issued exceptional case findings against Ameranth in the *Domino's* litigation.  *See Ameranth, Inc. v. Domino's Pizza, Inc.*, No. 3:12-cv-00733-DMS-WVG, 2021 WL 409725 (S.D. Cal. Feb. 5, 2021) ("*Domino's* Fee Order").[2]  The findings in *Domino's* apply here with equal force, because Ameranth accused Oracle of infringing three of the same four patents at issue in *Domino's*— namely*,* the '850, '325, and '077 patents.

By the end of this case, this Court and the Federal Circuit had found that all of the claims that Ameranth had asserted against Oracle were invalid under 35 U.S.C. § 101.  But Ameranth knew or certainly should have known much earlier that its asserted claims were unpatentable.  Several developments made this conclusion clear:

- In 2010, a jury found that the '850 and '325 patents were invalid and not infringed.  *Ameranth, Inc. v. Menusoft Systems Corp.*, No. 2:07-cv-00271-RSP (E.D. Tex.).  These patents are related to the '077 patent.

- In 2016, following the Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014), the Federal Circuit held that all asserted claims of Ameranth's '850 and '325 patents were ineligible for patenting

---

[1] Ameranth originally sued Micros Systems, Inc., Dkt. 1, which later became a wholly-owned subsidiary of Oracle, Dkt. 44 at 2.  The parties jointly moved to substitute Oracle in place of Micros, *id.*, which this Court granted, Dkt. 45.

[2] Citations to "Dkt." refer to entries in this case, *Ameranth, Inc. v. Oracle Corp.*, No. 3:12-cv-01655-DMS-WVG (S.D. Cal.).  Citations to "Lead Case Dkt." refer to entries in *In re: Ameranth Patent Litigation Cases*, No. 3:11-cv-01810-DMS-DDL (S.D. Cal.).

1    under 35 U.S.C. § 101.  *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229,

2    1245 (Fed. Cir. 2016).

3    • In 2018, this Court granted summary judgment that all claims of the '077

4    patent that Ameranth had asserted against Oracle were ineligible for

5    patenting under § 101.  *In re Ameranth Cases*, No. 11CV1810 DMS

6    (WVG), 2018 WL 11433300, at *1 (S.D. Cal. Sept. 25, 2018).  The

7    Federal Circuit affirmed this decision in 2019.  *Ameranth, Inc. v.*

8    *Domino's Pizza, LLC*, 792 F. App'x 780, 788 (Fed. Cir. 2019)

9    ("*Domino's*").

10   • Finally, in 2023, the Federal Circuit affirmed this Court's summary

11   judgment ruling that claims 4 and 5 of the '077 patent—the sole

12   remaining claims against Defendants—were invalid under § 101 and

13   affirmed that Ameranth could not assert additional claims.  *In re*

14   *Ameranth Pat. Litig. Cases*, No. 11CV1810 DMS (WVG), 2022 WL

15   770118, at *1 (S.D. Cal. Mar. 14, 2022), *aff'd sub nom. Ameranth, Inc. v.*

16   *Papa John's USA, Inc.*, No. 2022-1660, 2023 WL 5921623 (Fed. Cir.

17   Sept. 12, 2023) ("*Papa John's*").

18       This chronology makes clear that Ameranth's position against Oracle was

19   meritless throughout, which warrants an exceptional case finding.  The Supreme

20   Court has confirmed that an "exceptional" case under § 285 is simply one which,

21   based on the preponderance of the evidence, "stands out from others with respect to

22   the substantive strength of a party's litigating position . . . or the unreasonable

23   manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health &*

24   *Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Just as in *Domino's*, Ameranth's case

25   against Oracle stands out.

26       Although the entirety of Ameranth's litigation against Oracle merits an

27   exceptional case finding, Oracle only seeks fees for the period following November

28

10, 2014, when the undersigned counsel entered an appearance to represent Oracle in this litigation.  Dkt. 41.[3]

## II.   BACKGROUND

This Court previously has recounted the extensive procedural history of the *Ameranth* litigation.  *Domino's* Fee Order, 2021 WL 409725, at *1-3.  Therefore, Oracle's discussion here focuses only on those events that are relevant to this motion.

### A.   Years Before Ameranth Sued Oracle, A Jury Found That Ameranth's '850 And '325 Patents Were Invalid And Not Infringed.

Between 2011 and 2013, Ameranth filed forty-three cases in this Court alleging infringement of U.S. Patent Nos. 6,384,850 (the '850 patent), 6,871,325 (the '325 patent), 6,982,733 (the '733 patent), and 8,146,077 (the '077 Patent). *Domino's* Fee Order, 2021 WL 409725, at *1-2 & n.1  These patents were "all patents in Ameranth's 'Information Management and Synchronous Communications' patent family."  Dkt. 37 ¶ 12.

As this Court previously observed, this did not mark the first time that Ameranth filed a case alleging infringement of claims from this family.  *Domino's* Fee Order, 2021 WL 409725, at *2.  In 2007, years before this case, Ameranth sued Menusoft Systems Corporation and Cash Register Sales & Service of Houston, Inc. in the Eastern District of Texas, alleging infringement of the '850 and '325 patents. *See Ameranth, Inc. v. Menusoft Systems Corp.*, No. 2:07-cv-00271-RSP (E.D. Tex. June 28, 2007), Dkt. 1 (Complaint).  In 2010, the jury in that case returned verdicts of noninfringement and invalidity, finding that Ameranth's patent claims were invalid as anticipated and obvious.  *Menusoft*, No. 2:07-cv-00271-RSP, at Dkt. 265. Ameranth appealed that judgment in June 2011, but the parties settled and jointly

---

[3] In other words, Oracle does not seek fees for the period of June 29, 2012 (when Ameranth first sued Micros, Dkt. 1) to November 9, 2014 (before undersigned counsel appeared on behalf of Oracle, Dkt. 41).

moved to vacate the jury's invalidity verdicts. *Menusoft*, No. 2:07-cv-00271-RSP, at Dkt. 348. The district court in *Menusoft* granted that request, and vacated the invalidity verdicts and judgment in February 2012. *Menusoft*, No. 2:07-cv-00271-RSP, at Dkt. 355.

Just months after that, on June 29, 2012, Ameranth filed this case against Oracle, alleging infringement of various claims of the same '850 and '325 patents that the jury found were invalid in *Menusoft*, as well as certain claims of the '077 patent. Dkt. 1 ¶ 12 (Complaint). This Court consolidated Ameranth's case against Oracle with other cases for pretrial purposes. Dkt. 21.

**B.     The Federal Circuit Concludes That All Asserted Claims Of The '850, '325, And '733 Patents Are Unpatentable.**

After consolidation, Oracle and other Defendants petitioned the Patent Trial and Appeal Board ("PTAB") for covered business method ("CBM") review of the '850 and '325 patents (as well as of the '733 patent, which Ameranth had not asserted against Oracle). The PTAB instituted review, and this Court stayed proceedings pending that review. Lead Case Dkt. 549 (Order granting stay pending CBM review).

The PTAB found some of the asserted claims of the '850, '325, and '733 patents unpatentable and others patentable, but on appeal, the Federal Circuit agreed with Defendants that *all* instituted claims were unpatentable for failure to claim eligible subject matter under 35 U.S.C. § 101. *Apple*, 842 F.3d at 1245 (finding all asserted claims of the '850, '325, and '733 patents were unpatentable). The Federal Circuit reached that conclusion in light of the Supreme Court's decision in *Alice*, which held that when patent claims are directed to an abstract idea, "merely requiring generic computer implementation fails to transform that abstract idea into a patent-eligible invention." 573 U.S. at 212. In *Apple*, the Federal Circuit applied *Alice*'s two-step analysis and held that the asserted claims of the '850, '325, and '733 patents were unpatentable, because at *Alice* step 1, the

asserted claims were directed to abstract ideas, and at *Alice* step 2, the claims failed to "transform the claimed abstract idea into a patent-eligible application of the abstract idea," because they merely "add[ed] conventional computer components to well-known business practices" or "[a]ppend[ed] … preexisting technologies." *Apple*, 842 F.3d at 1241-45.

Following the Federal Circuit's decision in *Apple*, this Court lifted the stay and allowed the cases to proceed as to the only patent that the CBM review process had not invalidated—the '077 patent. Lead Case Dkt. 614 (Order lifting stay). This Court directed Ameranth to select no more than five claims from the '077 patent to assert against each Defendant. Lead Case Dkt. 623 at 2 ("Plaintiff is directed to select no more than five (5) claims from the '077 Patent to assert against each Defendant."). Ameranth elected to assert claims 9, 11, 13, 15, and 17 against Oracle. *See* Lead Case Dkt. 936-1 at 3. Meanwhile, Ameranth elected to assert claims 1, 6, 9, 13, and 17 against Domino's. *See Domino's*, 792 F. App'x at 782-83. Ameranth's complaint and amended infringement contentions had more broadly accused Domino's of infringing claims 1, 6-9, 11, and 13-18 of the '077 patent. *See id.* at 783. As such, the claims that Ameranth asserted against Oracle were a subset of the claims that Ameranth had accused Domino's of infringing. Oracle then proceeded to participate jointly with Domino's and other Defendants in the consolidated pretrial proceedings on the '077 patent, including in preparing joint preliminary invalidity contentions and in claim construction.[4] Following discovery, Domino's moved for summary judgment.

---

[4] *See* Lead Case Dkt. 866 (Defendants' Opening Claim Construction Brief, on behalf of Domino's, Oracle, and other Defendants); Lead Case Dkt. 908 (Order Construing Claim, addressing claims of '077 patent and resolving arguments advanced by Joint Defense Group, which included Domino's and Oracle).

**C.    The Federal Circuit Affirms This Court's Grant Of Summary Judgment To Defendants On Multiple Claims Of The '077 Patent.**

This Court granted Domino's motion for summary judgment, finding that all asserted claims of the '077 patent were unpatentable.  Specifically, this Court concluded that claims 1, 4-9, 11, and 13-18 of the '077 patent were unpatentable under § 101, because the claims failed *Alice* step 1, as they were directed to an abstract idea, and failed *Alice* step 2, as they did not recite an inventive concept. *Domino's*, 2018 WL 11433300, at *4-7; *see Domino's*, 792 F. App'x at 786-88.[5]

The Federal Circuit affirmed as to claims 1, 6-9, 11, and 13-18.  *Domino's*, 792 F. App'x at 782.  In so doing, the Court applied its decision in *Apple* from 2016.  *Id.* at 786.  Ameranth contended that the '077 patent claim terms had different elements than the ones at issue in *Apple*, but the Federal Circuit observed that, "[n]otwithstanding the difference from *Apple*" in certain claim elements, "the claims of the '077 patent suffered from the *same* ineligibility defects."  *Id.* (emphasis added).  The Federal Circuit easily dispensed with Ameranth's argument that the claims covered something more than an abstract idea.  The Federal Circuit held that, at *Alice* step 1, the claims were simply directed to "'*a particular way* of programming and designing software,'" but "do not describe the software other than results sought to be achieved."  *Id.* at 787 (quoting Ameranth's Opening Br. 23).  Likewise, at *Alice* step 2, the claim limitations merely involved "well-understood, routine, and conventional activities," and failed to transform abstract concepts into patentable claims.  *Id.* (quoting *Alice*, 573 U.S. at 225) (quotation marks and brackets omitted).  Thus claims 1, 6-9, 11, and 13-18 of the '077 patent "f[e]ll short of an inventive concept."  *Id.*

---

[5] In other words, this Court granted summary judgment to Domino's on claims 1, 4-9, 11, and 13-18 of the '077 patent, even though Ameranth had only accused Domino's of infringing claims 1, 6-9, 11, and 13-18.  *See Domino's*, 792 F. App'x at 782-85.

As for claims 4 and 5 of the '077 patent, the Federal Circuit vacated the finding of unpatentability not on the merits, but on jurisdictional grounds.  Because Ameranth had not accused Domino's of infringing those two claims, the Federal Circuit found that this Court lacked jurisdiction to consider their patent eligibility on Domino's motion, and remanded for further proceedings.  *Id.* at 784-85. Ameranth petitioned for certiorari to the Supreme Court, which denied the petition. *Ameranth, Inc. v. Domino's Pizza, LLC*, 141 S. Ct. 249 (2020).

**D.**     **This Court Grants Summary Judgment To Defendants And Issues An Exceptional Case Finding In *Domino's*, And The Federal Circuit Summarily Affirms Both Rulings.**

Despite its numerous losses, Ameranth continued its efforts to expand this litigation.  Following remand, it sought leave to assert new claims of the '077 patent against Defendants, including Oracle, and pressed forward on claims 4 and 5. It did so even though this Court had signaled in its 2018 ruling in *Domino's* that it considered claims 4 and 5 to be invalid and even though the Federal Circuit had found that the independent claim on which claims 4 and 5 depended was ineligible under § 101.

On remand from the Federal Circuit, this Court held a status conference with the parties, where it informed Ameranth of the weakness of its position.  This Court explained that, "in looking at efficiencies and having the [Federal Circuit] weigh in on all of these issues in a most efficient way, this Court has already telegraphed its ruling on claims 4 and 5," and recognized that the Federal Circuit had remanded claims 4 and 5 "essentially for jurisdictional reasons."  Lead Case Dkt. 1506 at 9. Suggesting that Ameranth reconsider its position "in light of the record on this case," this Court asked Ameranth whether it would be willing simply to stipulate to judgment on claims 4 and 5, "for purposes of having an appeal on all of these cases on all of the presently asserted claims, as well as the exceptional finding case [sic case finding] as to *Domino's*[.]"  *Id.*  Ameranth declined on the spot.  *Id.*[6]  For their

[6] Among other things, Ameranth said it was waiting for "claim construction issues

part, Defendants explained that although some Defendants were ready to "have peace with Ameranth going forward," this depended on Ameranth's willingness to agree that "after ten years of litigation," the road had come to an end, and that the parties should "put this particular case behind them." *Id.* at 10.  However, Defendants explained that, if instead "Ameranth were to assert, for example, claims 4 and 5," that "would increase the likelihood that [Defendants] would seek fees." *Id.* at 11.

Ameranth did not heed these admonitions.  It pressed forward with claims 4 and 5 and tried to elect additional claims against Defendants.  Defendants, including Oracle, jointly opposed Ameranth's belated efforts to broaden this litigation, *see* Lead Case Dkt. 1511, and the claim 4/5 Defendants moved for summary judgment that the claims were invalid under § 101, *see* Lead Case Dkt. 1535.  After full briefing, this Court granted summary judgment that claims 4 and 5 were invalid under § 101 and denied Ameranth's attempt to add claims and prolong the litigation.  *See In re Ameranth Pat. Litig. Cases*, No. 11CV1810 DMS (WVG), 2021 WL 6750642, at *3 (S.D. Cal. Dec. 27, 2021).  (Order denying Ameranth's request to assert claims 2 and 12 of the '077 patent); *Papa John's*, 2022 WL 770118, at *1 (Order granting summary judgment on claims 4 and 5); *see also Papa John's*, 2023 WL 5921623, at *1 (Federal Circuit's summary affirmance of both rulings).

Meanwhile, this Court granted Domino's motion for an exceptional case finding.  This Court noted that, while "the '850, '325 and '733 Patents were entitled to a presumption of validity when they were issued, and that Ameranth was entitled to rely on a presumption of good faith when it first asserted its rights in those Patents[,]" "the *Menusoft* verdicts and Ameranth's request to vacate those verdicts

---

that may be addressed by the Federal Circuit in the *Domino's* matter," for the Supreme Court to grant certiorari in a pending petition, and for other highly speculative contingencies that never came to pass.  Lead Case Dkt. 1506 at 9-10.

raise questions about the strength of those presumptions here." *Domino's* Fee Order, 2021 WL 409725, at *4 (citations omitted).  Even though Ameranth asserted different claims before this Court, "the *Menusoft* verdicts cast a cloud on the Patents, and indicated a weakness in Ameranth's position." *Id.*  On the '077 patent, this Court concluded that Ameranth's position was likewise "questionable." *Id.*  As this Court found, "Ameranth took inconsistent positions on the meaning of 'synchronous'" as recited in the '077 patent claims. *Id.* at *5.  Applying Ameranth's original position on the construction of the term, this Court "agree[d] with the Domino's Defendants that Ameranth's position on infringement of the '077 Patent was weak." *Id.*  This Court also found that "Ameranth's litigation position on the validity of the '077 Patent was especially weak" after "the Supreme Court's decision in *Alice* and the Federal Circuit's decision in *Apple.*" *Id.* at *6, 9.  This Court emphasized that "[c]ertainly, Ameranth had a responsibility to reassess its case in view of *Alice,*" especially because "when the *Alice* decision was issued, this litigation was stayed and the parties were addressing § 101 issues before the PTAB." *Id.* at *5 (quotation marks and citations omitted).  Moreover, "[t]he '077 Patent was part of the same family as the '850, '325 and '733 Patents, all of which were declared invalid by the Federal Circuit in *Apple.*" *Id.* at *6.

The Federal Circuit summarily affirmed this Court's exceptional case finding in *Domino's* and denied Ameranth's petition for rehearing.  *See Ameranth, Inc. v. Domino's Pizza, LLC*, No. 2022-1200, 2023 WL 5921625, at *1 (Fed. Cir. Sept. 12, 2023) (Rule 36 affirmance); *Ameranth, Inc. v. Domino's Pizza, LLC*, No. 22-1200 (Fed. Cir. Nov. 14, 2023), Dkt. 62 (denying rehearing).  The Federal Circuit likewise summarily affirmed this Court's grant of summary judgment to Defendants on claims 4 and 5 of the '077 patent and its denial of Ameranth's request to assert additional claims.  *Papa John's*, 2023 WL 5921623, at *1 (Fed. Cir. Rule 36 affirmance).

## III.   ORACLE IS ENTITLED TO FEES UNDER 35 U.S.C. § 285

### A.   Legal Standard.

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  An "exceptional" case is "simply one that *stands out from others with respect to the substantive strength* of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness*, 572 U.S. at 554 (emphasis added).  "[A] case presenting either subjective bad faith or *exceptionally meritless* claims may sufficiently set itself apart from mine-run cases to warrant a fee award.'"  *Id.* at 555 (emphasis added).  The *Octane* Court also directed district courts to determine exceptionality "in the case-by-case exercise of their discretion, considering the totality of the circumstances," including "frivolousness" and "objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id*. at 554 & n.6 (quotation marks omitted).

The *Octane* Court expressly abrogated the Federal Circuit's holding that because "'[t]here is a presumption that the assertion of infringement of a duly granted patent is made in good faith,'" an exceptional case finding required clear and convincing evidence, concluding that "nothing in § 285 justifies such a high standard of proof."  *Id.* at 551 (quoting *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005)); *id.* at 557.  Instead, because "Section 285 demands a simple discretionary inquiry" and "imposes no specific evidentiary burden, much less such a high one," litigants need only satisfy "*a preponderance of the evidence standard*."  *Id.* at 557 (emphasis added).

### B.   Ameranth's Litigation Position Was Exceptionally Meritless

Ameranth's case against Oracle was baseless from the start.  Although the '850, '325, and '077 patents were entitled to a presumption of validity when they

issued, several key developments vitiated that presumption and exposed Ameranth's litigation positions to be exceptionally meritless.

### 1.   <u>The '850 and '325 patent claims</u>

Ameranth knew or should have known that its assertion of the '850 and '325 patents against Oracle was meritless.  As early as 2010, in *Menusoft,* a jury in the Eastern District of Texas found claims of the '850 and '325 patents to be invalid and returned verdicts of noninfringement and invalidity.  As this Court previously found in granting the *Domino's* exceptional case finding, which the Federal Circuit affirmed, "the *Menusoft* verdicts cast a cloud on the Patents, and indicated a weakness in Ameranth's position."  *Domino's* Fee Order, 2021 WL 409725, at *4.  It does not matter that Ameranth's settlement with the *Menusoft* defendants resulted in the district court's vacatur of the jury verdict at the parties' request.  As this Court explained, the vacatur cuts *against* Ameranth, because "Ameranth's request to vacate those verdicts could be construed as an acknowledgement of that weakness, and an effort to remove that cloud from this litigation and other litigation on those Patents."  *Id.* (citing *Wang Labs, Inc. v. Toshiba Corp.*, 793 F. Supp. 676, 678 (E.D. Va. 1992)); *see Toshiba*, 793 F. Supp. at 678 ("Patents may be declared invalid at the district court level for a variety of reasons, at least some of which the parties should not be permitted to sweep under a concealing settlement rug.").  Given this, Ameranth knew, or should have known, that the '850 and '325 patent claims it asserted against Oracle in 2012 were likewise invalid and baseless.

Following suit in this case, Oracle, along with other Defendants, petitioned for CBM review of the '850 and '325 patents, arguing that the asserted claims were directed to patent ineligible subject matter.  Although the PTAB found some asserted claims to be eligible, the Federal Circuit sided with Defendants and concluded that *all* asserted claims of the '850 and '325 were unpatentable on § 101 grounds.  *Apple*, 842 F.3d at 1245; *supra* at 4-5.  Citing *Alice*, the Federal Circuit concluded that the asserted claims of the '850 and '325 patents failed *Alice* step 1,

because they were directed to abstract ideas, and also failed *Alice* step 2, as the claims did not transform the abstract ideas into a patent-eligible application because they merely sought to implement such ideas using conventional computer and other preexisting technology. *Apple*, 842 F.3d at 1241-45. The Federal Circuit's conclusion that all asserted patent claims of the '850 and '325 patents were patent ineligible under § 101 supports an exceptional case finding here because, together with the jury verdict of invalidity of the same two patents in *Menusoft*, it reflected a fundamental lack of merit in Ameranth's assertion of the '850 and '325 patents claims against Oracle.

### 2.    The '077 patent claims

Even after the Federal Circuit invalidated all asserted claims of the '850 and '325 patents on § 101 grounds, Ameranth pressed forward on the related '077 patent. The '077 patent claims were "directed to configuring and transmitting hospitality menu related information using a system that is capable of synchronous communications and automatic formatting." *Domino's*, 792 F. App'x at 786. Specifically, the '077 patent claims were directed to "automatically configuring and synchronizing menus for multiple handheld devices" and "enable automatic database updates and fast synchronization between a database and handheld devices." *Id.*

As this Court has concluded before, just as Ameranth's position regarding the '850 and '325 patents was meritless, "Ameranth's position on the '077 Patent [was] also questionable." *Domino's* Fee Order, 2021 WL 409725, at *4. The '077 patent was part of the same patent family as the invalidated '850 and '325 patents, and Ameranth knew or should have known from the very start that it was likewise invalid under § 101.

***Invalidity.*** As this Court previously found in granting an exceptional case finding in *Domino's*, "Ameranth's litigation position on the validity of the '077 Patent was especially weak after *Alice* and *Apple*. The '077 Patent was part of the

same family as the '850, '325 and '733 Patents, all of which were declared invalid by the Federal Circuit in *Apple*." *Domino's* Fee Order, 2021 WL 409725, at *6.

To start, Ameranth's invalidity position on the '077 patent was particularly weak after the Supreme Court's decision in *Alice*, which held that merely applying an abstract and unpatentable concept to generic computer processes fails to transform that abstract concept into a patentable claim. As this Court emphasized, Ameranth had a "responsibility to reassess its case in view of *Alice*." *Domino's* Fee Order, 2021 WL 409725, at *5 (quotation marks omitted); *see also Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1380 (Fed. Cir. 2017) ("There were obvious issues with the '582 patent's claims that [the plaintiff] should have recognized post-*Alice*, and these issues persisted throughout the § 101 appeal."). As this Court noted, when the Supreme Court decided *Alice*, Ameranth and the Defendants, including Oracle, were litigating issues of patentability under § 101 before the PTAB. *Domino's* Fee Order, 2021 WL 409725, at *5. Ameranth knew or should have known of the weakness of its position and reconsidered its continued assertion of the '077 patent against Oracle and other Defendants at that stage.

If *Alice* were not indication enough, the Federal Circuit's decision in *Apple* invalidating the asserted claims of the '850 and '325 patents should have been a clear sign to Ameranth that the '077 patent, too, was patent ineligible. The '077 patent belonged to the same patent family as the '850 and '325 patents, and its claims were similarly directed to patent-ineligible concepts. Ameranth's invalidity position on the '077 patent was thus objectively and subjectively unreasonable after *Apple*, and Ameranth's decision to press forward with its case was unreasonable. *See Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Techn., LLC*, No. 2:18-CV-07661 (GJS), 2019 WL 3064112, at *4 (C.D. Cal. May 23, 2019) (holding that, after *Alice* and the invalidation of patents in the same family, "no reasonable patent litigant would have believed" the asserted patent claim was viable).

Furthermore, after *Alice* and *Apple* were decided, Oracle and other Defendants thoroughly explained in their joint preliminary invalidity contentions why Ameranth's patent was invalid under § 101. Defendants explained that the '077 patent described "the basic idea of generating menus" that "has existed for many years in the hospitality industry." Lead Case Dkt. 745-3 at 5. The '077 patent "acknowledges that 'pen and paper have prevailed' as the traditional approach for ordering merchandise using menus, and credits the prior art for automating the traditional approach for generating menus using computers and wireless handheld devices." *Id.* (citations omitted). Defendants explained that claims 1-12 of the '077 patents were directed to a computerized system for facilitating "efficient generation of computerized menus" using a general purpose computer. *See id.* at 6. Defendants argued that these claims "cover nothing more than the abstract idea of generating menus," and "[t]he additional elements of the claim recite nothing more than a general purpose computer using general purpose programming." *Id.* Notably, though claims 1-12 recite a computerized system, the claims failed to explain "how the computer is 'specifically programmed to perform the steps claimed in the patent.'" *Id.* (quoting *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012)). Instead, Defendants contended, claims 1-12 impermissibly claimed basic functions of a general purpose computer at a high level of generality. *Id.* at 6-7.

Defendants likewise demonstrated how claims 13-18 of the '077 patent were also patent ineligible under § 101, because they were "directed to the abstract idea of placing an order or reservation in a hospitality context using a general purpose computer and wireless handheld device." *Id.* at 7. As with claims 1-12, claim 13 and its dependent claims recited a computerized communication system for placing orders or reservations over the internet, but "the claim fails to specify *how* the computer is specifically programmed to practice the features claimed in the patent." *Id.* (emphasis added).

This Court agreed with Oracle and the other Defendants that the '077 patent claims were invalid under § 101 when it issued two decisions granting summary judgment, first to Domino's and then to the remaining Defendants, including Oracle.  As this Court explained, and the Federal Circuit affirmed, Ameranth's '077 patent claims were impermissibly directed to abstract concepts with routine computer implementation, and failed to disclose any inventive concepts.  *Supra* at 6.  Ameranth knew or should have known that the '077 patent was unpatentable under § 101, and that its litigation position was exceptionally weak after *Alice*, *Apple*, and Defendants' preliminary invalidity contentions.

***Non-infringement.***  On the issue of infringement, Ameranth knew or should have known that Oracle did not infringe the asserted claims from the very start. The claims of the '077 patent, which Ameranth titled an "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders," Dkt. 37 ¶ 46, required a "synchronous" system.  Ameranth construed "synchronous" to mean that the system had to be "consistent."  Lead Case Dkt. 865 at 5, 10.

A review of publicly available information would have revealed that the technology about which Ameranth sued Oracle was not "synchronous" or "consistent," and therefore that Oracle was not infringing on Ameranth's patent. Ameranth alleged that Oracle's "consumers and customers," including "hotel, restaurant, and travel aggregator operators, use and/or integrate with [Oracle's technology] in a manner that infringes upon one or more valid and enforceable claims of the '077 patent."  Dkt. 37 ¶ 51.  Oracle's alleged consumers and customers included other entities that Ameranth had named as defendants in the consolidated cases, such as Pizza Hut and Starbucks, among others.  *Id.*

As Starbucks explained in its motion for an exceptional case finding, it was "readily observable that different Starbucks' stores have different menu offerings— this can be seen by simply comparing the food in the display cases at two Starbucks

locations." *Ameranth, Inc. v. Starbucks Corp.*, No. 3:13-cv-01072-DMS-WVG (S.D. Cal. Feb. 5, 2024), Dkt 29-1 at 14.  Moreover, "Ameranth was well-aware of this" lack of consistency, because Ameranth recognized at deposition that some Starbucks locations listed certain menu items that other Starbucks locations did not. *Id.*  This discrepancy in menu options reflected what items a particular location actually offered and had available.  *Id.* at 14-15.  Ameranth acknowledged, for instance, that some Starbucks stores offered "Clover-brewed" coffees as menu items, but others did not.  *Id.* at 14.  Only Starbucks stores with Clover machines could brew Clover coffee.  *Id.* at 14 n.4.  As such, Starbucks's menus, as even Ameranth recognized, were not "consistent," and therefore not "synchronous" under the meaning of the term that Ameranth repeatedly advanced during claim construction.  *See id.* at 14-15.  Given that Ameranth alleged, among other things, that Oracle infringed the '077 patent through Oracle's "consumers and customers," including Starbucks, this example is illustrative of the substantive weakness of Ameranth's case against Oracle from the very start.  Ameranth could have reviewed the publicly available Menus that Oracle allegedly enabled and determined that its infringement position was entirely meritless.

### 3.   Ameranth litigated this case in an unreasonable manner

This Court also should issue an exceptional case finding based on the unreasonable manner in which Ameranth litigated this case.  Despite the fact that a jury sitting in the Eastern District of Texas, the PTAB, this Court, and the Federal Circuit *all* found claims of the *same* patents Ameranth asserted against Oracle to be unpatentable, Ameranth nevertheless brazenly pressed forward in its claims.  *Supra* at 3-7.  There are multiple examples of Ameranth's egregious litigation conduct.

Ameranth's conduct in pursuing, and seeking to expand and prolong, this litigation after the Federal Circuit affirmed this Court's invalidity judgment in *Domino's* is a clear instance.  The Federal Circuit's thorough opinion, which the Supreme Court declined to disturb, confirmed that the claims which Ameranth had

asserted against Domino's (and Oracle) were unpatentable under § 101.  *See Domino's*, 792 F. App'x at 786-88.  The Federal Circuit's decision should have been a clear sign to Ameranth that the remaining claims of the '077 patent were likewise unpatentable under § 101.  The rationale of the *Domino's* decision itself made this conclusion manifest.  This Court held all asserted claims of the '077 patent invalid in *Domino's* as a matter of law.  *See Domino's*, 2018 WL 11433300, at *7; *see also* Lead Case Dkt. 1506 at 9.  That ruling did not hinge on the facts particular to *Domino's*.  Instead, this Court ruled that the asserted claims of the '077 patent were unpatentable because they were impermissibly directed to abstract ideas and failed to disclose an inventive concept.  *Domino's*, 2018 WL 11433300, at *4-7.  Reasoning from the Federal Circuit's decision in *Apple*, which invalidated all asserted claims of Ameranth's related patents, this Court held that, "[a]s with the related patents, there is nothing in these elements, either individually or in combination that 'transform[s] the claimed abstract idea into a patent-eligible application of the abstract idea.'"  *Id.* at *7 (quoting *Apple*, 842 F.3d at 1242).

In reviewing this Court's summary judgment ruling in *Domino's*, the Federal Circuit affirmed as to all claims except claims 4 and 5.  *Domino's*, 792 F. App'x at 788.  As to claims 4 and 5, it vacated and remanded this Court's invalidity ruling only because Ameranth had not specifically asserted those claims against Domino's, leaving this Court to resolve them on remand with the remaining Defendants.  *Id.* at 784-85.  But nothing in the Federal Circuit's decision cast doubt on the inevitable conclusion that claims 4 and 5 of the '077 patent were likewise unpatentable.  Indeed, binding precedent compelled that conclusion.  The Federal Circuit had held that independent claim 1, from which claims 4 and 5 depend and to which they merely add routine field-of-use limitations, was unpatentable.  *Id.* at 786-88.  The settled law was clear that simply limiting an abstract idea to a field of use does not make that idea any less abstract.  *See Bilski v. Kappos*, 561 U.S. 593, 612 (2010) ("limiting an abstract idea to one field of use … d[oes] not make the

concept patentable.") (citing *Parker v. Flook*, 437 U.S. 584 (1978)); *Intellectual Ventures I LLC v. Capital One Bank (USA), N.A.*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) ("An abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment."). Ameranth should have seen the writing on the wall. The Federal Circuit's holding in *Domino's* made the invalidity of claims 4 and 5 a foregone conclusion. The remaining claims were, like the others, unpatentable.

Nonetheless, following remand from the Federal Circuit, Ameranth continued to oppose summary judgment on claims 4 and 5 and even sought to add more claims to the case, threatening to prolong litigation that had already lasted well over a decade. Ameranth pressed on even though this Court called a status conference to make clear that "in light of the record on this case," Ameranth should consider "simply stipulat[ing] to judgment on claims 4 and 5," and even though Defendants expressly warned that Ameranth "would increase the likelihood that [Defendants] would seek fees" if it continued its baseless litigation. Lead Case Dkt. 1506 at 9, 11.

Heedless of this Court's and Defendants' admonitions, Ameranth forced Defendants to fully brief, and this Court again to resolve, the unpatentability of claims 4 and 5. As before, this Court found claims 4 and 5 of the '077 patent invalid as a matter of law. *Papa John's*, 2022 WL 770118, at *1. Just as it had in 2018, this Court held that "there is no inventive concept in the claims," because "[b]y their plain terms, these claims simply restrict the invention described in claim 1 to the fields of reservations and ticketing, respectively." *Id.* at *2-3. Because the Federal Circuit had already confirmed that claim 1 was invalid, claims 4 and 5's field-of-use restrictions did not "disclose an inventive concept, and thus do not make the claims patent eligible." *Id.* at *2.

This Court also denied Ameranth's request to elect new claims. *Ameranth*, 2021 WL 6750642, at *3. This episode likewise demonstrates that Ameranth's

litigation tactics were unreasonable.  As Defendants explained in opposing
Ameranth's attempt to further prolong the decade-long case, the additional claims
(claims 2 and 12 of the '077 patent) failed to raise any unique issues of liability or
damages.  This Court agreed.  *Id.* at \*2.  Moreover, this Court found that the
limitations of claims 2 and 12 were "substantively identical" to the limitations of
claims 14 and 15 of the '077 patent, "which this Court found to be patent ineligible,
and which finding the Federal Circuit affirmed."  *Id.*  There was simply no basis for
Ameranth to seek to further broaden this case after ten years of litigation.

After this Court's summary judgment ruling and denial of its request to elect
new claims, Ameranth appealed both rulings, requiring additional briefing and oral
argument before the Federal Circuit.  For all of Ameranth's delay and litigation-
expanding tactics, however, Ameranth had little to show for it: the Federal Circuit
summarily affirmed this Court's rulings in a one-sentence order.  *Papa John's*,
2023 WL 5921623, at \*1.  This outcome was clearly foreseeable.  Yet Ameranth
refused to reevaluate its position notwithstanding repeated and resounding losses.
At every turn, Ameranth pressed forward in its case against Oracle and other
Defendants, forcing Oracle to expend fees defending itself against Ameranth's
baseless arguments.  Ameranth's unwillingness to reevaluate its case against Oracle
after the Federal Circuit's affirmance in *Domino's* was exceptionally unreasonable.

Ameranth's manner of litigation stands out in other respects as well.  For
instance, Ameranth took inconsistent positions on the construction of
"synchronous" throughout the proceedings.  This Court previously found in
*Domino's* that the fact that "Ameranth took inconsistent positions on the meaning
of 'synchronous'" was further support for an exceptional case finding.  *Domino's*
Fee Order, 2021 WL 409725, at \*4-5.  That finding should apply here with equal
force, because Ameranth took inconsistent positions during consolidated
proceedings, when Oracle jointly litigated with Domino's.  *See id.*

Ameranth's position on the meaning of "synchronous" was plainly inconsistent throughout this litigation.  In its claim construction brief, Ameranth proposed that "synchronous" be construed as "made, or configured to make, consistent."  Lead Case Dkt. 865 at 5.  Ameranth's counsel further asserted at the claim construction hearing that "synchronous" and "synchronized" simply meant that "the *same* information provided to users via display of user interfaces is presented *consistently* to different client devices"—in other words, the invention was meant "to attain *consistency* across the system."  Lead Case Dkt. 906 at 154 (emphases added).  As this Court previously observed in granting fees in *Domino's*, Ameranth likewise asserted this position on the meaning of "synchronous" in a separate case against IPDEV.  *Domino's* Fee Order, 2021 WL 409725, at *5.  But as the Court also noted, in defending against summary judgment of non-infringement, Ameranth took an inconsistent position, arguing instead that the '077 claims did "*not* require that all master menu content … be synchronized in its entirety to the handheld devices."  *Id.* (quotation marks omitted and emphasis added).  As such, Ameranth took the contrary position that "[t]he claims *do not* require that there … be overall consistency[.]"  *Id.* (quotation marks omitted).

Ameranth's inconsistent positions on the meaning of "synchronous" flies in the face of the requirement that claims be interpreted consistently for purposes of infringement and validity.  *See Source Search Tech., LLC v. Lendingtree, LLC*, 588 F.3d 1063, 1075 (Fed. Cir. 2009) ("As this court has repeatedly instructed in the past, '[i]t is axiomatic that claims are construed the same way for both invalidity and infringement.'") (citation omitted); *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers.").  Ameranth's changing and inconsistent positions on the meaning of its asserted claims at different stages of the litigation merits an exceptional case finding.  Courts have made such findings in analogous cases.  *E.g.*, *Straight Path IP Grp.,*

*Inc. v. Cisco Sys., Inc.*, 411 F. Supp. 3d 1026, 1028 (N.D. Cal. 2019) (patent owner's "shifting" positions from the validity to the infringement stages warranted an exceptional case finding); *see also Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (affirming exceptional case finding where the patent owner's "allegations of infringement were ill-supported").

Accordingly, for the same reason this Court found in *Domino's* that Ameranth's shifting construction of the meaning of "synchronous" showed that its litigation position was weak, this Court should likewise find that the shifting construction supports an exceptional case finding in this case as well.

## C.    Oracle Seeks Its Reasonable Attorneys' Fees

Oracle respectfully requests that Ameranth pay its attorneys' fees dating back to November 10, 2014 in the amount of approximately $1,200,000.[7]  Specifically, Oracle seeks the fees it incurred in connection with the district court litigation, the CBMs, and the appeals to the Federal Circuit.  *See Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014) (fees for appeal available under 35 U.S.C. § 285); *Deep Sky Software, Inc. v. Southwest Airlines Co.*, No. 10-cv-1234-CAB (KSC), 2015 WL 10844231, *2 (S.D. Cal. Aug. 19, 2015) (awarding fees for work done before PTAB, because those "proceedings essentially substituted for work that would otherwise have been done before this court").  This Court has previously awarded such fees in its exceptional case finding in *Domino's*. *See Ameranth, Inc. v. Domino's Pizza, Inc.*, No. 3:12-cv-00733-DMS-WVG, 2021 WL 2550057 (S.D. Cal. June 21, 2021) (granting fees pursuant to 35 U.S.C. § 285 for work done before the district court, CBMs, and appeals).

---

[7] Consistent with Federal Rule of Civil Procedure 54(d)(2)(B)(iii), Oracle provides this fair estimate of the amount sought.  Upon issuance of an order or schedule by the Court, Oracle will provide the underlying evidentiary material bearing on the appropriate fee award.  *See* Notes of Advisory Committee on Rules – 1993 Amendment, Paragraph (2), Fed. R. Civ. P. 54; *see also* Procedure for the Award of Attorney's Fees, 10 Fed. Prac. & Proc. Civ. § 2680 (4th ed.).

1    In addition, Oracle seeks the fees it incurred in connection with this motion.

2    *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1172-73 (N.D. Cal.

3    2015) (granting fees for defendant's original motion for attorneys' fees and its

4    renewed motion for fees after appeal).

5    **IV.**    **CONCLUSION**

6        For the foregoing reasons, Oracle respectfully requests that the Court grant

7    Oracle's motion, find this case to be "exceptional," and award Oracle its reasonable

8    attorneys' fees.

9    Dated:  April 4, 2024                    Respectfully submitted,

10                                            ORRICK, HERRINGTON &
                                             SUTCLIFFE LLP
11

12

13                                           By:_____*/s/ Jared Bobrow*_____
                                                      Jared Bobrow
14                                               Attorneys for Defendant
                                                   Oracle Corporation
15

16

17

18

19

20

21

22

23

24

25

26

27

28