1  JARED BOBROW (Bar No. 133712)
   jbobrow@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025-1015
   Telephone:  +1 650 614 7400
4  Facsimile:   +1 650 614 7401

5  Attorneys for Defendant
   ORACLE CORPORATION
6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| AMERANTH, INC., | Case No. 3:12-cv-01655-DMS-WVG |
| Plaintiff, | **DEFENDANT ORACLE CORP.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | Judge:   Hon. Dana M. Sabraw |
| ORACLE CORP., | Date:    May 10, 2024 |
| Defendant. | Time:    1:30 p.m. |
| | Ctrm:    13A |

1    Defendant Oracle Corporation respectfully submits this response to Plaintiff

2    Ameranth, Inc.'s Notice of Lodgment of Recently Issued Authority in Support of

3    Ameranth's Opposition to Defendant Oracle Corporation's Motion for Exceptional

4    Case and Attorneys' Fees.  Dkt. 66.

5    Ameranth's citation to *Dragon Intellectual Property LLC v. Dish Network*

6    *LLC*, __ F.4th __, 2024 WL 2263527 (Fed. Cir. May 20, 2024), is misplaced, for

7    two reasons:

8    *First,* Ameranth's apparent position that *Dragon* prevents recovery of fees

9    from Covered Business Method proceedings following an exceptional case finding

10   is not relevant to Oracle's pending motion.  *See* Dkt. 66 at 1.  This Court has not yet

11   ruled on Oracle's motion for an exceptional case finding.  The question of what fees

12   are recoverable is therefore not ripe and should be deferred for further briefing.  *See*

13   Mot. 21 n.7 (Oracle will brief the amount of fees "[u]pon issuance of an order or

14   schedule by the Court") (collecting authorities).

15   *Second, Dragon* supports the conclusion that an exceptional case finding is

16   warranted here.  It reaffirms the standard that exceptionality can be based on a

17   "[plaintiff's] continued litigation after being put on notice of the *objective*

18   *baselessness* of its" litigation position.  *Dragon*, 2024 WL 2263527, at *2

19   (emphasis added).  As Oracle explained, this case meets that objective standard.

20   Mot. 10-21; Reply 3, 5.  *Dragon* also emphasizes that "a district court is

21   particularly well-positioned to determine whether a case before it is exceptional

22   because it 'lives with the case over a prolonged period of time.'"  2024 WL

23   2263527, at *4 (quoting *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S.

24   559, 564 (2014)); *id.* at *3 (affirming district court's exceptional case declaration).

25   Since Ameranth sued Oracle in June 2012, this Court has decidedly "live[d] with"

26   this case for an extended period.  Mot. 4.

27

28

1

2     Dated:  May 21, 2024          Respectfully submitted,

3                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

4
                                    By:_____/s/ Jared Bobrow_____
5                                             Jared Bobrow
                                          Attorneys for Defendant
6                                           Oracle Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28