# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORP., <br><br> Defendant. | Case No.:  12cv1655 DMS (DDL) <br><br> **ORDER GRANTING DEFENDANT ORACLE CORP.'S MOTION FOR EXCEPTIONAL CASE** |

On February 5, 2021, this Court issued an exceptional case finding in the related case of *Ameranth v. Domino's Pizza, Inc.*, Case No. 12cv0733 DMS (WVG), ECF No. 138.  The Federal Circuit affirmed that finding on September 12, 2023, *see Ameranth, Inc. v. Domino's Pizza, LLC*, Case No. 2022-1200, ECF No. 59, and denied Ameranth's petition for rehearing on November 14, 2023.  *See id.*, ECF No. 62.

After the case was returned to this Court, the parties requested an extension of time for Defendants to file any motions for exceptional case or for costs, which the Court granted.  Thereafter, twenty-eight (28) of the twenty-nine (29) remaining Defendants settled their cases with Ameranth.  The lone exception was Oracle, which filed the present motion for an exceptional case finding.  Assuming the Court grants the motion, Oracle intends to request attorneys' fees of approximately $1,200,000, for work performed after November 10, 2014, the date Oracle filed its motion to substitute in as a party in this case,

1  In support of its motion, Oracle relies heavily on the Court's exceptional case finding in the *Domino's* case. Ameranth uses its opposition brief as an opportunity to explain why the Court's exceptional case finding was wrong and to raise arguments not raised in response to Domino's motion. Ameranth also argues the facts of this particular case are distinguishable from the *Domino's* case, and given those distinctions an exceptional case finding is not warranted here.

The Court declines to consider Ameranth's first set of arguments as those issues have been fully fleshed out. Ameranth filed an opposition to Domino's original motion for exceptional case, filed a motion for reconsideration of the Court's exceptional case order, filed an appeal to the Federal Circuit, and then filed a petition for rehearing with the Federal Circuit. The exceptional case finding is settled, and the Court will not consider or reconsider arguments going to that issue.

This leaves only Ameranth's argument that this case is distinguishable from the others, and therefore, the exceptional case finding should not apply here. Although Ameranth filed forty-three (43) individual cases against separate Defendants or Defendant-groups, all of the cases were consolidated "for pretrial purposes up to and including claim construction." *In re: Ameranth Patent Litig. Cases*, Case No. 11cv1810 DMS (WVG), ECF No. 279 at 1. Some Defendants, including Oracle, filed motions around the edges of the consolidated case,[1] but the central motions and briefs on the defense side were filed by large groups of Defendants through omnibus briefs as opposed to individual Defendants. On the litigation conduct factor, there is nothing about this particular case that takes it outside the scope of the Court's exceptional case finding.

///

---

[1] *See, e.g.,* Oracle's motion to strike Ameranth's infringement contentions, (Case No. 11cv1810, ECF No. 820), which was subsequently withdrawn (*id.*, ECF No. 845), and Oracle's motion to modify its invalidity contentions, (*id.*, ECF No. 936), which was granted. (*Id.*, ECF No. 1000.)

The same may be said for the other factor, which looks to the strength of the parties' litigation positions. On the issue of validity, the parties did not raise any arguments unique to this case, so the Court's analysis of that issue in the *Domino's* case applies equally here. The issue of infringement is obviously unique to each Defendant, and here Ameranth argues its infringement case against Oracle was stronger than its case against Domino's for a number of reasons.

First, Ameranth asserts it had a stronger infringement position against Oracle because its products were used in single-store businesses. According to Ameranth, the "synchronous" requirement of the patents is more likely to be met in single-store businesses as opposed to chain-type businesses like Domino's. The problem with Ameranth's argument, however, is there is no evidence to support its assertion that Oracle's products were used in single-store businesses. Indeed, Ameranth admits that because Oracle was in the last industry group scheduled for trial, "only very limited discovery specific to Oracle took place[,]" and "[t]he infringement arguments and expert opinions in the restaurant chain cases did not address or analyze the Oracle products accused here[.]" (Opp'n to Mot. at 5.) Given the lack of evidence on the issue of Oracle's infringement or noninfringement, Ameranth's first argument does not support a finding that Ameranth had a strong infringement position against Oracle.

Ameranth's second argument is that Micros Systems, Inc., Oracle's predecessor-in-interest in this case, sought to acquire exclusive rights to Ameranth's technology, and when that request was refused, "Micros proceeded to copy and deploy Ameranth's inventions without license." (*Id.* at 7.) However, even assuming Micros sought to obtain rights to Ameranth's technology, that conduct does not amount to an admission of infringement. *Cf. Victaulic Co. v. ASC Engineered Solutions, LLC*, No. 20-887-GBW, 2022 WL 17250376, at *8 (D. Del. Nov. 28, 2022) (stating "it is not a 'fact' that taking a royalty-bearing license is an admission of infringement.") Furthermore, Ameranth's assertion that Oracle thereafter "copied" Ameranth's inventions is nothing more than attorney argument, which does not demonstrate Ameranth had a strong infringement position against Oracle.

Ameranth's third and final argument is that Oracle intended to use Micros' products as invalidating prior art to the claims of the '077 Patent, effectively conceding infringement. But as Oracle stated in its reply brief, that invalidity position was not an admission of infringement. "Oracle's argument was *not* that Micros infringes, but rather that *if* it infringes, then the claims are invalid because the targeted system was in the prior art." (Reply at 7.) Like Ameranth's two preceding arguments, this argument does not show that Ameranth had a strong infringement position against Oracle. Absent that showing, the "strength of litigation position" factor does not warrant a departure from the Court's exceptional case finding in the *Domino's* case.

Given the consolidation of these cases, the manner in which the cases were litigated, and the facts of this particular case, the exceptional case finding in *Domino's* applies with equal force to this case. Accordingly, Oracle's motion is granted. The parties shall appear before the Magistrate Judge for a settlement conference on September 20, 2024, at 9:00 a.m. to discuss the amount of Oracle's fees and costs. The Magistrate Judge will issue a separate order setting out the procedures for that conference. If the parties are unable to resolve that issue, Oracle shall file its opening brief on the amount of fees on or before **October 18, 2024**, Ameranth shall file its opposition brief on or before **November 1, 2024**, and Oracle shall file its reply brief on or before **November 8, 2024**.

**IT IS SO ORDERED**.

Dated: September 12, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court